**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE BONDHOLDER COMMITTEE, ON BEHALF OF THE OWNERS OF QUAD CITIES REGIONAL ECONOMIC DEVELOPMENT AUTHORITY FIRST MORTGAGE REVENUE BONDS SERIES 2013A, <br><br> Plaintiff, <br><br> v. <br><br> SAUK VALLEY STUDENT HOUSING, LLC et al., <br><br> Defendants. | Civil Action No. 17-7337 (MAS) (LHG) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the court on two Motions to Dismiss in the above matter filed by Defendant BOKF, NA ("BOKF") (ECF No. 19-1) and Defendants BMOC, Inc. ("BMOC") and William J. Levy ("Levy") (ECF No. 20-1) (collectively, "Defendants"). The Bondholder Committee ("Plaintiff") filed opposition, or in the alternative, requested leave to amend (ECF No. 31) and Defendants replied (ECF Nos. 35, 36). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's request for leave to amend is **GRANTED**.

I.  **Background**[1]

Plaintiff filed this action against multiple entities and individuals, including Defendants, arising out of the allegedly fraudulent sale and improper management of Series A bonds used to fund a student housing project in Illinois. Defendants BMOC and Levy are alleged to have participated in the creation of a fraudulent offering statement and defendant BOKF is alleged to have violated the terms of a Trust Indenture and Continuing Disclosure Agreement while carrying out its duties as trustee.

Plaintiff is identified as "The Bondholder Committee, on behalf of the Bondholders." (Compl. ¶ 5, ECF No. 1.) The Complaint only mentions the committee in one paragraph, simply providing the Committee's principal place of business. (*See id.*) The attached verification identifies Victor Polakoff as the head of the committee but never states that he is a bondholder. (*See* Compl. Verification.) As a threshold matter, the Court cannot consider Plaintiff's claims until the Complaint's facial deficiencies are cured.

II.  **Legal Standard**

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). When moving to dismiss for

---

[1] For the purposes of these motions, the Court accepts the facts alleged in the Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (stating that on a Rule 12(b)(6) motion to dismiss, courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief") (citation omitted). The allegations included in this section are taken directly from Plaintiff's Complaint.

failure to state a claim, the movant "bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

District courts employ a three-prong test in evaluating motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Courts must: (1) note the required elements; (2) review the complaint and strike conclusory allegations; and (3) evaluate whether well-pleaded allegations plausibly give rise to a right to relief. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675, 679 (2009)). The court must accept as true all well-pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "[A] formulaic recitation of the elements of a cause of action[, however,] will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). A claimant must present facts that plausibly "allow[] the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Fowler*, 587 F.3d at 210 (quoting *Iqbal*, 556 U.S. at 678).

### III. Discussion

#### A. Standing

The courts may only adjudicate cases in which a plaintiff has constitutional standing to bring suit. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). In resolving issues of standing, the plaintiff bears the burden of proof. *Blunt v. Lower Merion School Dist.*, 767 F.3d 247, 278 (3d. Cir. 2014) (citation omitted). The Supreme Court has explained that constitutional standing requires an injury in fact, causation, and redressability. *Id.* (citing *Lujan*, 504 U.S. at 560). Litigants typically may not assert the rights of an absent third party. *Pa. Prison Soc. v. Cortes*, 508 F.3d 156, 162 (3d Cir. 2007) (citing *Sierra Club v. Morton*, 405 U.S. 727, 735 (1972)). If a litigant is an association, however, "an association has standing to bring suit on behalf of its

3

members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977).

The first prong of the *Hunt* test is met when "specific allegations establish[] that at least one identified member ha[s] suffered or w[ill] suffer harm." *Summers v. Earth Island Inst.*, 555 U.S. 488, 498 (2009). In *Cortes*, the Court of Appeals for the Third Circuit held that a prison advocacy organization lacked standing where the pleadings were silent as to the standing of its members. *Cortes*, 508 F.3d at 163. The Third Circuit found the complaint inadequate on its face because it contained only a bare statement that the plaintiff brought the action "on behalf of its members, including prisoners and adult individuals interested in its above mentioned purposes." *Id*. Accordingly, the court dismissed the organization from the action for lack of standing. *Id*. at 164.

Defendants argue that Plaintiff lacks standing because it fails to plead that an identified member of the committee would have standing to sue in his own right. The Court agrees. The Complaint reveals no information about the committee and is devoid of references to any committee member other than Victor Polakoff, "Head of the Bondholder Committee." Even if Plaintiff's Complaint sufficiently pled a claim, which the Court need not reach here, it does not allege that Polakoff—or any committee member—purchased the Bonds in question.[2] Absent an

---

[2] Plaintiff asserts in its reply brief and attached certification that Polakoff and the committee members are bondholders, but allegations properly found in pleadings may not be made in briefs. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 232 (3d Cir. 2015) ("Although a court on a motion to dismiss ordinarily 'must accept the allegations in the complaint as true,' it is not compelled to accept assertions in a brief without support in the pleadings. *Morrow*[ *v. Balaski*], 719 F.3d [160,] 165 [(3d Cir. 2013)]. After all, a brief is not a pleading.").

4

allegation that bonds were purchased by a party in suit, damages stemming from their fraudulent sale and improper management are impossible. A plaintiff's lack of standing prevents a court n from adjudicating the underlying claims and presents a practical problem, *i.e.*, without knowing who has been injured, a court cannot provide relief. Because Plaintiff has failed to establish that it has standing to sue, the Court must dismiss Plaintiff's Complaint.³

**B.     Leave to Amend**

In its opposition, Plaintiff requests leave to amend if the Court dismisses the Complaint. (Pl.'s Opp'n 13, ECF No. 31.) Leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Absent undue delay, bad faith, dilatory motive, or repeated failures to cure deficiencies, courts must heed the rule's mandate. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the Court grants Plaintiff's request for leave to amend.

In granting leave, the Court notes several deficiencies that must be cured in addition to those surrounding standing. Particularly, the Court notes that Plaintiff has not met the pleading standards under Federal Rules of Civil Procedure 8(a) and 9(b). Courts in this district have held that group pleading does not satisfy the plausibility requirement of Federal Rule of Civil Procedure 8. *See, e.g., Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (explaining that group pleading fails to put defendants on notice of the claims against them). Failure to identify each defendant's role or alleging that each defendant is

---

³ The Court may reach this conclusion without considering Defendants' argument that Plaintiff's claims require "a fact-intensive-individual inquiry." The third prong of the *Hunt* test has been called "prudential, not constitutional[,]" *Blunt*, 767 F.3d at 290, and is used to ensure that courts do not liberally depart from the presumption that litigants may not assert the rights of third parties. *Id.* (discussing *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 555-56 (1996) (holding Congress intended to abrogate the third requirement of the *Hunt* test)). Because Defendants argue that claims for damages often require fact-intensive inquiries without explaining why this is the case here, the Court need not address this point.

5

responsible for every alleged wrong is insufficient. *Id.* at *5. Private securities actions under the PLSRA also may not be group pled. *Winer Family Trust v. Queen*, 503 F.3d 319, 338 (3d Cir. 2007).

Plaintiff alleges BMOC and Levy committed four acts that give rise to claims for relief but does so without specifically explaining BMOC's or Levy's role in the alleged misconduct. In addition, Plaintiff groups inconsistent subsets of defendants together when referring to the purportedly misleading information incorporated into the offering and fails to provide factual support as to how this information was used. Plaintiff's sprawling 274-paragraph Complaint only links one statement in the indenture to a specific source, referencing a table with financial figures that credits "Manager and Borrower" as the source, again grouped together.

Plaintiff also pleads two acts committed by BOKF allegedly giving rise to an action for breach of contract but cites no contractual provision in the Complaint. BOKF cites several provisions suggesting that the acts complained of were explicitly permitted by the agreements. As with the allegations against BMOC and Levy, Plaintiff fails to present facts in support of its claims against BOKF that would permit the Court to infer that BOKF is liable for the alleged wrongs. As pled, Plaintiff's claims do not satisfy the standards under Rule 8(a) or 9(b).[4]

---

[4] The Court notes that without the Rule 10b-5 claim, it may lack subject matter jurisdiction to adjudicate the controversy. It is also unclear whether the Complaint provides sufficient facts to clearly establish personal jurisdiction over BMOC, Levy, and BOKF. Even if the factual contentions that gave rise to the alleged wrongs are properly pled, they may not sufficiently tie Defendants to New Jersey.

## IV. Conclusion

For the reasons set forth above, Defendants' Motions to Dismiss are **GRANTED** and Plaintiff's request for leave to amend is **GRANTED**. An Order consistent with this Memorandum Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Date: July 11th, 2018