**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THE BONDHOLDER COMMITTEE, ON
BEHALF OF THE OWNERS OF QUAD
CITIES REGIONAL ECONOMIC
DEVELOPMENT AUTHORITY FIRST
MORTGAGE REVENUE BONDS SERIES
2013A,

        Plaintiff,

v.

SAUK VALLEY STUDENT HOUSING,
LLC, et al.,

        Defendants.

Civil Action No. 17-7337 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court upon Defendant BOKF, NA d/b/a BOK Financial's ("BOKF") Motion to Dismiss (ECF No. 47), and Defendants BMOC, Inc. and William J. Levy's (collectively, "BMOC") Motion to Dismiss (ECF No. 48). BOKF and BMOC (collectively, "Defendants") move to dismiss Plaintiff The Bondholder Committee, on behalf of the Owners of Quad Cities Regional Economic Development Authority First Mortgage Revenue Bonds Series 2013A's ("Plaintiff" or the "Committee") Amended Complaint. (ECF Nos. 43, 44.)[1] Plaintiff opposed Defendants' Motions (ECF Nos. 50, 51), and Defendants replied (ECF Nos. 52, 53). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants

---

[1] Plaintiff filed two seemingly identical Amended Complaints. (ECF Nos. 43, 44.) The Court refers to ECF No. 44 in resolving the instant Motions to Dismiss.

Defendants' Motions to Dismiss (ECF Nos. 47, 48), and grants Plaintiff's request for leave to amend.

I. **<u>Background</u>**[2]

The parties are familiar with the factual and procedural history of this matter, and therefore the Court only includes those facts necessary to resolve the instant motions. On July 11, 2018, the Court granted Defendants' Motions to Dismiss (ECF Nos. 19, 20), and found Plaintiff failed to establish standing to bring suit. (July 11, 2018 Op., ECF No. 41.) The Court also identified several deficiencies in Plaintiff's Complaint, and granted Plaintiff leave to file an amended complaint, which Plaintiff filed in August 2018. (*Id.*; Am. Compl., ECF No. 44.)

Defendants subsequently filed the instant Motions to Dismiss, alleging, among other things, Plaintiff failed to establish associational standing. (BOKF Moving Br. 9-12, ECF No. 47-1; BMOC Moving Br. 4-7, ECF No. 48-1.) Specifically, Defendants note that Plaintiff, in an attempt to establish standing, included in the Amended Complaint a chart of thirty-five individuals who made investments in the Series A Bonds. (BOKF Moving Br. 6; BMOC Moving Br. 4; Am. Compl. ¶¶ 115-117.) Referencing the thirty-five-individual chart, Plaintiff's Amended Complaint provides, "A majority of the above shareholders make up the members of the Bondholder Committee." (Am. Compl. ¶ 117.) Plaintiff, however, does not specify which of those shareholders are a part of the Committee.

BOKF emphasizes that Plaintiff failed to identify which of the thirty-five individuals is a member of the Committee, which of the initial bondholders continue to hold the bonds, or whether any of those individuals "have voted for, funded, or otherwise given legal authority to Mr.

---

[2] For the purposes of these motions, the Court accepts all factual allegations in the Amended Complaint as true. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Polakoff[3] . . . ." (BOKF Moving Br. 6-7.) BMOC reiterates those arguments, and further states that Plaintiff's claims are predominately fraud-based and seek monetary damages, which "necessarily requir[es] proof of, among other things, reliance and resulting damages, if any." (BMOC Moving Br. 4-5.) Therefore, because Plaintiff's claims require individualized proof, BMOC agues the Committee lacks associational standing. (*Id.* at 5.)

Plaintiff disputes Defendants' assertions that it failed to establish associational standing and contends that "there is no requirement to have the participation of individual members to prove damages."[4] (Pl.'s Opp'n to BMOC 12; Pl.'s Opp'n to BOKF 15.) Alternatively, Plaintiff requests leave to amend the Amended Complaint pursuant to Federal Rule of Civil Procedure[5] 15(a) in order to "more specifically name the individual bondholders." (Pl.'s Opp'n to BMOC 13; Pl.'s Opp'n to BOKF 17.)

## II. Discussion

### A. Associational Standing

"With respect to suits [brought] by organizations, federal courts recognize standing in two instances: (1) where the organization itself suffered an injury and wants to vindicate its own rights; and (2) as a representative of its individual members when the individual members themselves

---

[3] Plaintiff's Opposition briefs indicate that "[t]he [B]ondholders selected Victor Polakoff to be the committee representative to bring this lawsuit." (Pl.'s Opp'n to BMOC 10, ECF No. 50-14; Pl.'s Opp'n to BOKF 14, ECF No. 51-14.) In support, Plaintiff attaches a verification to its Amended Complaint, which Victor Polakoff signed, stating he is the "Head of the Bondholder Committee," and providing that he is "authorized to make this Verification on behalf of Plaintiff." (Am. Compl., Polakoff Verification, ECF No. 44.)

[4] Because "it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," the Court declines to consider the consent forms Plaintiff attached to its Opposition briefs. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). (*See* Pl.'s Opp'n to BMOC, Ex. H, ECF No. 50-8; Pl.'s Opp'n to BOKF, Ex. H, ECF No. 51-8).

[5] Unless otherwise noted, all references to Rules hereinafter refer to the Federal Rules of Civil Procedure.

have standing to bring the same claims." *Pavlak v. SBKFC*, No. 15-1944, 2015 WL 9049344, at *2 (D.N.J. Dec. 16, 2015) (citing *Pa. Prison Soc'y v. Cortes*, 508 F.3d 156, 162-63 (3d Cir. 2007)). Here, Plaintiff asserts standing according to the second instance.

> [A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

"Because claims for monetary relief usually require individual participation, courts have held associations cannot generally raise these claims on behalf of their members." *Pa. Psychiatric Soc'y v. Green Spring Health Servs. Inc.*, 280 F.3d 278, 284 (3d. Cir. 2002) (citations omitted). "[T]he Supreme Court has counseled 'that an association's action for damages running solely to its members would be barred for want of the association's standing to sue.'" *Id.* (quoting *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 546 (1996)). "It is almost a bright-line rule . . . [that] damages claims usually require significant individual participation, which fatally undercuts a request for associational standing." *Pavlak*, 2015 WL 9049344, at *3 (citation omitted).[6] "[R]eliance is nearly always an individualized question, requiring case-by-case determinations of what effect, if any, the misrepresentation had on plaintiffs' decision-making." *Harnish v. Widener Univ. Sch. of Law*, 833 F.3d 298, 309-10 (3d Cir. 2016).

To state a claim for fraud, a plaintiff must sufficiently allege: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the

---

[6] The Court recognizes that associational standing is a prudential, not a constitutional, requirement. *See United food & Commercial Workers Union*, 517 U.S. at 555-56.

other person; and (5) resulting damages." *Gennari v. Weichert Co. Relators*, 691 A.2d 350, 367 (N.J. 1997) (citation omitted). Therefore, importantly, to demonstrate fraud, Plaintiff must show that its members reasonably relied on Defendants' representations and suffered damages.

Here, Defendants correctly note that Plaintiff consists of an unspecified group of individuals. (*See* BMOC Moving Br. 4 ("[T]he named plaintiff is an unspecified, undefined collection of what appears to be *some of* the bond purchasers."); BOKF Moving Br. 7 ("Plaintiff neither identifies who among the [thirty-five] individuals is a member of Plaintiff, nor alleges that said individuals have voted for, funded, or otherwise given legal authority to Mr. Polakoff . . . .").) Plaintiff seeks monetary damages on behalf of individual Bondholders due to alleged fraud. In order to recover those damages, Plaintiff's members, however, likely must provide individualized evidence regarding their reliance and damages resulting from that alleged fraud.

Plaintiff again failed to indicate its individual members; rather, it provided a list of all Bondholders and failed to indicate which of those Bondholders are members of the Committee. Moreover, Plaintiff failed to support its assertion that individual participation in the instant matter is not required, instead solely providing the following conclusory statement: "In the matter now before this Court there is no requirement to have the participation of individual members to prove damages. Nonetheless, Plaintiff alleged, with specificity, the names and investments made by over thirty (30) Bondholders." (Pl.'s Opp'n to BMOC 12; Pl.'s Opp'n to BOKF 15.) Thus, Plaintiff has failed to show it has associational standing,[7] and the Court, therefore, grants Defendants' Motions to Dismiss. (ECF Nos. 47, 48.) *See Hunt*, 432 U.S. at 343. Because Plaintiff failed to

---

[7] In its reply brief, BOKF also avers that only members of the Trust Indenture have standing to sue, and here, because the Trust Indenture sets out conditions precedent to initiate litigation, which Plaintiff has not satisfied, Plaintiff cannot bring suit. (BOKF Reply Br. 2-4, ECF No. 53.) BOKF, however, raises this argument for the first time in its Reply Brief, and therefore, the Court declines to address this argument. *See Smith v. Merck & Co.*, No. 13-2970, 2016 WL 1690087, at *7 n.6 (D.N.J. Apr. 27, 2016) (citing *United States v. Boggi*, 74 F.3d 470, 478 (3d Cir. 1996) (declining to address an argument raised for the first time in a reply brief).

5

demonstrate it has associational standing, the Court declines to address Defendants' remaining arguments.

### B. Leave to Amend

Plaintiff requests the opportunity to amend the Amended Complaint if the Court finds it has not sufficiently pled associational standing. (Pl.'s Opp'n to BMOC 12; Pl.'s Opp'n to BOKF 16.) Defendants, however, urge the Court to dismiss with prejudice Plaintiff's Amended Complaint. (BMOC Moving Br. 27-28; BOKF Moving Br. 12.)

Leave to amend should be "freely given when justice so requires," and absent "undue delay, bad faith or dilatory motive, . . . repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice." Fed. R. Civ. P. 15(a)(1); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Here, the Court has granted Plaintiff one prior opportunity to amend its complaint. (*See* July 11, 2018 Op. 5-6.) The Court, however, did not address the issue of associational standing in its July 11, 2018 Memorandum Opinion. (*Id.* at 4, 5 n.3.) Moreover, Plaintiff has indicated a willingness to provide specificity regarding its members. Allowing Plaintiff an opportunity to file a Second Amended Complaint, therefore, would not necessarily be futile. (*See* Pl.'s Opp'n to BMOC 13; Pl.'s Opp'n to BOKF 16.) The Court, accordingly, grants Plaintiff one final opportunity to establish standing to pursue the action.

### III. Conclusion

The Court grants Defendants' Motions to Dismiss, and further grants Plaintiff leave to file a Second Amended Complaint. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**