**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THE BONDHOLDER COMMITTEE, ON
BEHALF OF THE OWNERS OF QUAD
CITIES REGIONAL ECONOMIC
DEVELOPMENT AUTHORITY FIRST
MORTGAGE REVENUE BONDS SERIES
2013A,

Plaintiff,

v.

SAUK VALLEY STUDENT HOUSING,
LLC, et al.,

Defendants.

Civil Action No. 17-7337 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant BOKF, NA d/b/a BOK Financial's ("BOKF") Motion to Dismiss (ECF No. 61), and Defendants BMOC, Inc. and William J. Levy's (collectively, "BMOC") Motion to Dismiss (ECF No. 68). BOKF and BMOC (collectively, "Defendants") move to dismiss Plaintiff The Bondholder Committee, on behalf of the Owners of Quad Cities Regional Economic Development Authority First Mortgage Revenue Bonds Series 2013A's ("Plaintiff") Second Amended Complaint (ECF No. 58). Plaintiff opposed Defendants' Motions (ECF Nos. 72, 73), and Defendants replied (ECF Nos. 76, 77). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Defendants' Motions to Dismiss.

## I. BACKGROUND

The parties are familiar with the factual and procedural history of this matter, and therefore the Court only includes those facts necessary to resolve the instant motions. On July 11, 2018, the Court granted Defendants' Motions to Dismiss (ECF Nos. 19, 20) the Complaint because Plaintiff failed to establish standing to bring suit. (July 11, 2018 Op. 3–5, ECF No. 41.) The Court identified several deficiencies in Plaintiff's Complaint and granted Plaintiff leave to file an amended complaint. (*Id.* at 5–6.) Plaintiff filed its Amended Complaint in August 2018. (*See generally* Am. Compl., ECF No. 44.)

On April 24, 2019, the Court granted Defendants' Motions to Dismiss (ECF Nos. 47, 48) the Amended Complaint, again finding that Plaintiff failed to establish standing. (Apr. 24, 2019 Op. 3–6, ECF No. 56.) The Court noted that Plaintiff "failed to indicate its individual members" and "failed to support its assertion that individual participation in the instant matter is not required." (*Id.* at 5.) The Court granted Plaintiff leave to file a second amended complaint and "one final opportunity to establish standing to pursue the action." (*Id.* at 6.)

Plaintiff filed its Second Amended Complaint on May 23, 2019. (Second Am. Compl. ("SAC"), ECF No. 58.) Plaintiff now specifies which bondholders are members. (*Id.* ¶ 6.)

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(1) challenges the existence of a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). A motion to dismiss for lack of subject matter jurisdiction may either "attack the complaint on its face . . . [or] attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction." *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891; *see also Cardio-Medical Assocs. Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983).

A factual attack under Rule 12(b)(1) challenges the very power of a district court to hear a case, independent of the pleadings. *Mortensen*, 549 F.2d at 891. When evaluating a factual challenge, a court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Unlike a facial analysis, no presumption of truth attaches to plaintiff's allegations in a factual challenge and "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* Furthermore, in a factual challenge, the plaintiff bears the burden of establishing that jurisdiction exists. *Id.*

### III. **DISCUSSION**.

"With respect to suits [brought] by organizations, federal courts recognize standing in two instances: (1) where the organization itself suffered an injury and wants to vindicate its own rights; and (2) as a representative of its individual members when the individual members themselves have standing to bring the same claims." *Pavlak v. SBKFC*, No. 15-1944, 2015 WL 9049344, at *2 (D.N.J. Dec. 16, 2015) (citing *Pa. Prison Soc'y v. Cortes*, 508 F.3d 156, 162–63 (3d Cir. 2007)). Here, Plaintiff asserts standing according to the second instance.

> [A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.

*Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

3

The third prong of the *Hunt* test considers the relief requested, and whether the relief will require participation of the individual members in the litigation. "Because claims for monetary relief usually require individual participation, courts have held associations cannot generally raise these claims on behalf of their members." *Pa. Psychiatric Soc'y v. Green Spring Health Servs. Inc.*, 280 F.3d 278, 284 (3d. Cir. 2002) (citations omitted). "[T]he Supreme Court has counseled 'that an association's action for damages running solely to its members would be barred for want of the association's standing to sue.'" *Id.* (quoting *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 546 (1996)). "It is almost a bright-line rule . . . [that] damages claims usually require significant individual participation, which fatally undercuts a request for associational standing." *Pavlak*, 2015 WL 9049344, at *3 (citation omitted).[1]

Unlike the Amended Complaint, the SAC specifies the individuals represented by Plaintiff. (SAC ¶ 6.) Plaintiff, however, still seeks monetary damages on behalf of each of the specified individual bondholders. (*See, e.g.*, SAC ¶¶ 245, 319.) To recover those damages, Plaintiff's members likely must provide individualized evidence regarding their damages. For its claims against BOKF, Plaintiff concedes its "breach of contract, breach of fiduciary duty[,] and violation of NJUTC claims may require Plaintiff's members to provide discovery and sit for depositions and testify at trial." (Pl.'s Opp'n to BOKF Mot. Dismiss 27, ECF No. 72.) Plaintiff also concedes that "each of the claims asserted against BMOC and Levy may require Plaintiff's members to provide discovery, sit for depositions[,] and testify at trial." (Pl.'s Opp'n to BMOC Mot. Dismiss 12, ECF No. 73.) Plaintiff argues, however, that "such limited involvement does not rise to an inappropriate level so as to violate the third prong of *Hunt*." (Pl.'s Opp'n to BOKF Mot. Dismiss 27; *see* Pl.'s Opp'n to BMOC Mot. Dismiss 12.)

---

[1] The Court recognizes that associational standing is a prudential, not a constitutional, requirement. *See United Food & Commercial Workers Union*, 517 U.S. at 555–56.

4

In support, Plaintiff cites cases where an association was found to have standing despite required participation of some of its members. (Pl.'s Opp'n to BOKF Mot. Dismiss 26; Pl.'s Opp'n to BMOC Mot. Dismiss 11.) Cases cited by Plaintiff are not persuasive, however, because they discuss suits where monetary relief was sought or relief to the individual members did not require every individual member to participate in the litigation. *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Brock*, 477 U.S. 274, 287–88 (1986) (finding associational standing satisfied where the suit "raise[d] a pure question of law" and would not require a court "to consider the individual circumstances of any aggrieved . . . member"); *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 590, 601–02 (7th Cir. 1993) (finding associational standing satisfied where the association sought declaratory and injunctive relief); *Hosp. Council of W. Pa. v. City of Pittsburgh*, 949 F.2d 83, 89–90 (3d Cir. 1991) (distinguishing associational standing requirements in suits seeking individualized damages from those seeking declaratory or injunctive relief and finding standing because the association only sought declaratory and injunctive relief); *Univ. Legal Servs., Inc. v. St. Elizabeth's Hosp.*, No. 105-585, 2005 WL 3275915, at *4–5 (D.D.C. July 22, 2005) (finding standing satisfied where Congress abrogated need for associational standing and the plaintiff sought injunctive relief).

Unlike the situations in the cases cited by Plaintiff, the monetary relief sought by each member here would require every member's participation in the litigation. The Court, accordingly, grants Defendants' Motions to Dismiss.[2] *See Hunt*, 432 U.S. at 343. Because Plaintiff failed to

---

[2] BOKF also argues that only members of the Trust Indenture have standing to sue, and here, because the Trust Indenture sets out conditions precedent to initiate litigation, which Plaintiff has not satisfied, Plaintiff cannot bring suit. (BOKF Moving Br. 10–13, ECF No. 61-1.) Because Plaintiff fails to establish associational standing and BOKF's argument may overlap with the merits of Plaintiff's claims, the Court declines to address this argument based on the pleadings. *See Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 272 n.14 (3d Cir. 2016) ("We have repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits.").

demonstrate it has associational standing, the Court declines to address Defendants' remaining arguments.

**IV.  CONCLUSION**

The Court grants Defendants' Motions to Dismiss. The Court will enter an Order consistent with this Memorandum Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**