## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

THE BONDHOLDER COMMITTEE ON
BEHALF OF THE OWNERS OF QUAD
CITIES REGIONAL ECONOMIC
DEVELOPMENT AUTHORITY FIRST
MORTGAGE REVENUE BONDS SERIES
2013A,

        Plaintiff,

        v.

SAUK VALLEY STUDENT HOUSING,
LLC, et al.,

        Defendants.

Civil Action No. 17-7337 (MAS) (LHG)

**MEMORANDUM ORDER**

    This matter comes before the Court on Plaintiff's[1] ("Plaintiff" or the "Bondholder Committee") response to the Court's Order requiring Plaintiff to show cause why this case should not be dismissed for failure to properly serve Defendants. (ECF No. 95.)[2] The Court has carefully considered Plaintiff's submission and decides the matter without oral argument pursuant to Local Civil Rule 78.1. The Court finds that Plaintiff has failed to properly serve Defendants Sugar Valley Capital Partners, LLC ("Sugar Valley"), Eric Floyd, United Housing and Community Services

---

[1] Plaintiff in this case is the Bondholder Committee, on Behalf of the Owners of Quad Cities Regional Economic Development Authority First Mortgage Revenue Bonds Series 2013A.

[2] Plaintiff filed correspondence with this Court which also alleged that Plaintiff's Motion for Default Judgment (ECF No. 54) was never disposed of; however, a review of the docket reveals that motion was administratively terminated when the Clerk closed the case. (ECF No. 57.)

Corporation ("United Housing"), Sauk Valley Student Housing, LLC ("Sauk Valley"), Steve

Saffian, and Jill Rytie Lutz.

First, Plaintiff admits that it failed to serve Steve Saffian and Jill Rytie Lutz, and Plaintiff

provides no good cause excusing the failure to effectuate service. (*See* Letter 2, ECF No. 95.) The

Court, therefore, will dismiss this action against them under Rule 41(b).[3]

Second, Plaintiff failed to properly serve Sugar Valley, Eric Floyd, United Housing and

Sauk Valley. A review of the docket reveals that service was not effectuated upon either Sugar

Valley or Eric Floyd as the summonses returned for both defendants indicate the following: "non

served. Residence empty/abandoned" (ECF Nos. 12,13.) The Court therefore finds that service of

process was not properly made against Sugar Valley or Eric Floyd.

Third, the summonses returned executed for United Housing (ECF No. 14) and Sauk

Valley (ECF No. 37) indicate that service was made upon the Secretary of State of Illinois. United

Housing appears to be a California corporation and Sauk Valley is an Illinois limited liability

company. (*See* Third Amended Compl. ¶¶ 42, 49, ECF No. 80.) Under Illinois law, "[a] private

corporation may be served (1) by leaving a copy of the process with its registered agent or any

officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or

hereafter permitted by law." 735 Ill. Comp. Stat. Ann. 5/2-204 (West 1983). The Business

Corporation Act provides that substitute service on a corporation or limited liability company may

be accomplished by service to either a corporate registered agent or the Illinois Secretary of State

under certain circumstances, including where the corporation or limited liability company's

"registered agent cannot with reasonable diligence be found at the registered office in this State or

---

[3] All references to a "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

at the principal place of business stated in the articles of organization." 805 Ill. Comp. Stat. Ann. 180/1-50(b)(2) (West 2013); *see also* 805 Ill. Comp. Stat. Ann. 5/5.25(b)(2) (West 2013).

The Court finds that Plaintiff has failed to properly serve United Housing and Sauk Valley. Here, Plaintiff did not specify why it served the Illinois Secretary of State. Moreover, Plaintiff did not comply with Illinois state rules because it failed to provide any evidence that it attempted to send the accompanying papers to United Housing and Sauk Valley by certified mail, and did not file an affidavit of compliance in the form prescribed by the Secretary of State as required. *See* 805 Ill. Comp. Stat. Ann. 5/5.25(c) (West 2013); 805 Ill. Comp. Stat. Ann. 180/1-50(c) (West 2013). The Court, therefore, finds United Housing and Sauk Valley have not been properly served in this matter.

If a defendant is not served within 90 days after the complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless "the plaintiff shows good cause for the untimely service." Fed. R. Civ. P. 4(m). In deciding whether to exercise its discretion and grant an extension of time for service, a court "may consider actual notice of the legal action; prejudice to the defendant; the statute of limitations on the underlying causes of action; the conduct of the defendant; and whether the plaintiff is represented by counsel, in addition to any other factor that may be relevant." *Chiang v. U.S. SBA*, 331 F. App'x 113, 116 (3d Cir. 2009). Here, the Court finds good cause to allow Plaintiff additional time to effect service of process.

**IT IS THEREFORE**, on this 19th day of November 2021, **ORDERED** as follows:

1.   By **December 23, 2021**, Plaintiff shall properly serve Sugar Valley, Eric Floyd, United Housing, and Sauk Valley.

2.      Steve Saffian and Jill Rytie Lutz are **DISMISSED** from this action without prejudice.

_____

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE